FILED

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

2008 SEP 22  PM 4: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Dennis M.P. Ehling (SBN 168892)
(dennis.ehling@klgates.com)
Hector H. Espinosa (SBN 222426)
(hector.espinosa@klgates.com)

**K&L GATES LLP**
599 Lexington Avenue
New York, New York 10022-6030
Telephone: 212-536-3900
Facsimile: 212-536-3901

Walter P. Loughlin (*pro hac vice*
admission pending)
(walter.loughlin@klgates.com)

Attorneys for BANK OF CHINA
LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RUTHIE ZAHAVI as an individual and as
statutory representative of the Estate of
AFIK ZAHAVI; EDWARD YOUSEFOV
as an Individual and as statutory
representative of the Estate of
MORDECHAI YOUSEFOV; ALBINA
IVRAGIMOV as an Individual and as
statutory representative of the Estate of
MORDECHAI YOSEFOV; RAYA
TAMAROV; KEREN ELMALIACH as
an Individual, as statutory representative
of the Estate of EMI ELMALIACH and as
natural guardian of plaintiff; J. E., a minor;
JACOB ELMALIACH; ARLETTE
ELMALIACH; SHANI BEN SAADON as
an Individual, as statutory representative
of the Estate of MICHAEL BEN
SAADON and as natural guardian of
plaintiff; N. B. S., a minor; ARLETTE
BEN SAADON; ARIK BEN SAADON;
IRIS BEN SAADON; ETTIE BELASON
as an Individual, as statutory
representative of the Estate of PHILIP
BELASON and as natural guardian of
plaintiffs U. B., a minor; L. B., a minor;

Case No.

# CV08-06236 R

**NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1441(a)
ORIGINAL JURISDICTION**

LA-272025 v1

1    LIRAN BELASON; LITAL BELASON;
MIRI EREZ as an individual and as
2    statutory representative of the estate of
VICTOR EREA; AVIV EREA; TAL
3    EREZ; HADAR EREZ; KEREN
HAMILAS; MENACHEM YUNES as an
4    Individual, as statutory representative of
the Estate of LILY YUNES and as natural
5    guardian of plaintiff; T. Y., a minor;
ASSAF YUNES; BAT EL YUNES;
6    LIDOR YUNES; MIRAIM AMAR as an
Individual and as statutory representative
7    of the Estate of BENJAMIN HAFUTA;
SUSAN REVIVO as an Individual and as
8    statutory representative of the Estate of
BENJAMIN JAFUTA; TITI GOLDBERG
9    as an Individual and as statutory
representative of the Estate of BENJAMIN
10    HAFUTA; RACHEL COHEN as an
Individual and as statutory representative
11    of the Estate of BENJAMIN HAFUTA;
JACKIE HAFUTA as an Individual and as
12    statutory representative of the Estate of
BENJAMIN HAFUTA; PROSPER
13    HAFUTA as an Individual and as statutory
representative of the Estate of BENJAMIN
14    HAFUTA; RADMILLA SHAULOV as an
Individual, as statutory representative of
15    the Estate of DAVID SHAULOV and as
natural guardian of plaintiffs; I. S., a
16    minor; K. S., a minor; E. S., a minor;
MAYA ANIDZAR as an Individual and as
17    statutory representative of the Estate of
LIOR ELIAHU ANIDZAR; YOSSI
18    ANIDZAR; YVONNE ANIDZAR;
DAVID ANIDZAR; DALIA AMAR;
19    PURIM YAAKOBOV as an Individual, as
statutory representative of the Estate of
20    YAAKOVYAAKOBOV and as natural
guardian of plaintiffs; S. Y., a minor; C.
21    Y., a minor; AMIR RAGOLSKY as an
Individual and as statutory representative
22    of the Estate of DANA GALKOWICZ;
PERLA GALKOWICZ; NATAN
23    GALKOWICZ; SHARON GALKOWICZ;
ORIAN GALKOWICZ; MICHAEL
24    SLUTZKER as an Individual and as
statutory representative of the Estate of
25    FATIMA SLUTZKER; NATALIA
SLUTZKER; IGOR SLUTZKER;
26    YONATAN ABUKASIS as an Individual,
as statutory representative of the Estate of
27    ELLA ABUKASIS and as natural
guardian of plaintiff YAAKOV TAMIR
28    ABUKASIS; SIMA ABUKASIS as an
Individual, as statutory representative of

1   the Estate of ELLA ABUKASIS and as
    natural guardian of plaintiff; Y. T. A., a
2   minor; KEREN ABUKASIS; SHLOMIT
    ABUKASIS; AVRAHAM COHEN as an
3   Individual and as natural guardian of
    plaintiff; COREEN COHEN, as an
4   individual and as natural guardian of
    plaintiff; M. C., a minor; HILLEL
5   BASAD as an Individual and as natural
    guardian of plaintiff; BRURIA BASAD as
6   an individual and as natural guardian of
    plaintiff; A. B., a minor; and
7   YOCHANAN COHEN,

8                    Plaintiffs,

9        vs.

10  BANK OF CHINA LIMITED, 444 South
    Flower St., 39th Floor Los Angeles,
11  California 90071,

12                   Defendant.

13

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that Defendant Bank of China Limited (the "Bank of China"), by and through its counsel, K&L Gates LLP, 10100 Santa Monica Boulevard, seventh floor, Los Angeles, CA 90067, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California on the following grounds:

1.      On or about August 21, 2008, Plaintiffs commenced this action by filing a Summons and Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled Zahavi et al. v. Bank of China Ltd., Case No. BC396714 ("Zahavi" or the "State Court Action").

2.      On August 22, 2008, the Bank of China was served with the Summons and Complaint in the State Court Action by personal service at its office at 444 South Flower St., 39th Floor, Los Angeles, California 90071.

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely since it is filed within thirty (30) days of the Bank of China's receipt of the Summons and Complaint.

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiffs' Summons and Complaint in the State Court Action is annexed hereto as Exhibit A and constitutes all process, pleadings, and orders served upon the Bank of China in the State Court Action.  Counsel for Plaintiffs and the Bank of China have agreed that the Bank of China's time to answer, move against or otherwise respond to Plaintiffs' Complaint shall be extended to, and including, October 22, 2008.

5.      This action is removable to this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the Central District of California embraces the place where the State Court Action is pending.

6.      Count II of the Zahavi Complaint alleges "Breach of Statutory Duty".  The specific statutory duties allegedly breached are the following laws of the United

4

**NOTICE OF REMOVAL**

1   States:  18 U.S.C. §§ 2331-2339, 31 U.S.C. § 5311 et seq., and 31 C.F.R. Part 103.

2   The alleged violations of these U.S. laws are alleged to constitute a violation of Civil

3   Wrongs Ordinance Section 63 of the laws of the State of Israel.  (Compl. ¶¶ 98-107.)

4        7.     As discussed more fully below, this Court has federal question

5   jurisdiction over Count II pursuant to 28 U.S.C. § 1331 because that claim arises under

6   the laws of the United States.  This Court also has supplemental jurisdiction over the

7   remaining two claims pursuant to 28 U.S.C. § 1367 because they arise from the same

8   case or controversy as Count II.

9   **I.     ALLEGATIONS SET FORTH IN THE COMPLAINT**

10       8.     According to the allegations in the Complaint, plaintiffs seek to hold the

11  Bank of China liable for damages alleged to be the result of terrorist attacks that

12  occurred between May 13, 2004 and January 29, 2007 and are alleged to have been

13  carried out by the Palestine Islamic Jihad ("PIJ") and Hamas terrorist organizations.

14  The basis for liability alleged in the Complaint is that the Bank of China "intentionally,

15  recklessly and or [sic] negligently provided extensive banking services to the Palestine

16  Islamic Jihad and to Hamas, which banking services caused, enabled and facilitated the

17  terrorist attacks in which the plaintiffs and their decedents were harmed and killed."

18  (Compl. ¶¶ 2-3.)

19       9.     Plaintiffs' theory of liability is limited to wire transfers the Bank of China

20  allegedly executed with respect to a single account of a single bank customer of a Bank

21  of China branch in China.  (Compl. ¶¶ 65-80.)  The Complaint further alleges, without

22  setting forth any specific facts in support of the allegations, that as a result of these

23  wire transfers, "the PIJ and Hamas were able to transfer millions of dollars in funds to

24  their terrorist leadership . . . which substantially increased and facilitated their ability

25  to plan and carry out terrorist attacks, including the Terrorist Attacks in which the

26  instant plaintiffs were harmed . . . ."  (Compl. ¶ 77.)

27       10.    Based on these allegations, the Complaint alleges three causes of action

28  against the Bank of China, all pleaded under Israeli law:  negligence (Count I) (Compl.

1    ¶¶ 84-97); breach of statutory duty (Count II) (Compl. ¶¶ 98-107); and vicarious

2    liability (Count III) (Compl. ¶¶ 108-113).

3    **II.**    **REMOVAL OF THIS ACTION IS PROPER BECAUSE COUNT II**

4       **ARISES UNDER FEDERAL LAW AND FORMS THE SAME CASE OR**

5       **CONTROVERSY AS THE REMAINING TWO CLAIMS**

6       11.    It is well established that an action may be removed to federal court on the

7    basis of a claim made in state court which "necessarily raise[s] a stated federal issue,

8    actually disputed and substantial, which a federal forum may entertain without

9    disturbing any congressionally approved balance of federal and state judicial

10    responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S.

11    308, 314 (2005).  Removal is proper here because Count II (1) necessarily raises a

12    stated federal issue (2) that is actually disputed and substantial, and (3) resolution of

13    that issue by this Court would not disturb any congressionally approved balance of

14    federal and state judicial responsibilities.

15       12.    Count II alleges that the Bank of China violated U.S. federal laws,

16    including the Anti-Terrorism Act, the Bank Secrecy Act, and regulations issued by the

17    Department of the Treasury.  (Compl. ¶ 102.)  Although this cause of action is pleaded

18    under Israeli law, the sole basis for relief depends wholly on resolution of the

19    allegation that the Bank of China violated obligations imposed on it by U.S. law.

20    Plaintiffs must establish that the Bank of China violated these federal laws to prevail

21    on this claim.  Therefore, this claim necessarily presents a federal issue.

22       13.    A separate and independent basis of federal question jurisdiction is that

23    this claim involves 18 U.S.C. § 2338, which provides that the federal courts of the

24    United States have exclusive jurisdiction over actions brought under the Anti-

25    Terrorism Act.

26

27

28

14.     Second, the issue of whether the Bank of China violated those federal laws is actually disputed and substantial.[1]  Whether the Bank of China's alleged conduct of executing wire transfers violated federal laws is a substantial issue because it is the type of conduct engaged in by banks generally and is not specific to the Bank of China.  Therefore, resolution of this issue affects the degree to which any bank operating in the United States may provide financial services to its account holders.  It is also substantial because it affects the degree to which U.S. federal laws regulate the conduct of foreign banks.  Resolution of this issue, therefore, will have a serious and widespread impact on the operations of all foreign banks operating within the United States.

15.     Finally, by deciding this issue, this Court would not disturb any congressionally approved balance of federal and state judicial responsibilities.  The Anti-Terrorism Act expressly provides federal courts with exclusive jurisdiction over matters requiring resolution of that statute (18 U.S.C. § 2338).  Accordingly, Congress intended claims that the Anti-Terrorism Act has been violated to be brought in federal court.

16.     Because Count II necessarily raises a stated federal issue that is actually disputed and substantial, and resolution of that issue by this Court would not disturb any congressionally approved balance of federal and state judicial responsibilities, this case satisfies the removal standard.  Grable, 543 U.S. at 314.

17.     Because Count II arises under the laws of the United States, this Court has original, federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

18.     Federal question jurisdiction over one of the three claims presented in the Complaint is sufficient to remove the entire action.  28 U.S.C. § 1367 (authorizing supplemental jurisdiction over related claims).  So long as the other claims arise out of

---

[1] The Bank of China will address its defenses to this action and its responses to the Complaint when it answers or otherwise responds to the Complaint after filing this Notice of Removal.  Fed. R. Civ. P. 81(c).

the same case or controversy as Count II, this Court has supplemental jurisdiction over Counts I and III pursuant to 28 U.S.C. § 1367.  Because all three claims are based on the same factual allegations, this Court has supplemental jurisdiction over Counts I and III.

## III.   CONCLUSION

19.    By filing this Notice of Removal, the Bank of China does not waive any defense that may be available to it.

20.    A copy of this Notice will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

21.    The Bank of China will serve this Notice of Removal on counsel for Plaintiffs: Federico C. Sayre, Esq., Law Offices of Federico C. Sayre, 900 N. Broadway, 4th Floor, Santa Ana, CA 92701, as required by 28 U.S.C. § 1446(d).

22.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and is filed with this Court within thirty (30) days after the Bank of China received the Summons and Complaint in the State Court Action.

WHEREFORE, Defendant the Bank of China respectfully requests removal of this action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California.

K&L GATES LLP

Dated:  September 22, 2008          By: _____

Dennis M.P. Ehling
dennis.ehling@klgates.com
Hector H. Espinosa
hector.espinosa@klgates.com

Walter P. Loughlin (*pro hac vice* admission pending)

Attorneys for BANK OF CHINA LIMITED

LA-272025 v1

**8**
**NOTICE OF REMOVAL**

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
BANK OF CHINA LIMITED 444 South Flower St., 39th
Floor Los Angeles, California 90071

| FOR COURT USE ONLY |
| --- |
| *SOLO PARA USO DE LA CORTE* |

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 1 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNY WESLEY, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
RUTHIE ZAHAVI as an Individual and as statutory
representative of the Estate of AFIK ZAHAVI;

(See Attachment to Summons)

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET

LOS ANGELES, CA 90012-3117
CENTRAL DISTRICT

| CASE NUMBER: |
| --- |
| *(Número del Caso)* |
| BC 399714 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FEDERICO C. SAYRE, ESQ. (SBN 067420)
LAW OFFICES OF FEDERICO C. SAYRE
900 N. Broadway, 4th Floor

(714) 550-9117   (724) 550-9125

| DATE: | | Clerk, by | S WESLEY | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED**: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

**SUMMONS**

Legal
Solutions
⊕ Plus

Page 1 of 1

PETITIONER PLAINTIFF: RUTHIE CAHAVI, et al
RESPONDENT DEFENDANT: BANK OF CHINA, et al

CASE NUMBER

## ATTACHMENT TO SUMMONS

EDWARD YOSEFOV as an Individual and as statutory representative of the Estate of MORDECHAI YOSEFOV; ALBINA IVRAGIMOV as an Individual and as statutory representative of the Estate of MORDECHAI YOSEFOV; RAYA TAMAROV; KEREN ELMALIACH as an Individual, as statutory representative of the Estate of EMI ELMALIACH and as natural guardian of plaintiff JAN ELMALIACH; JAN ELMALIACH, a minor; JACOB ELMALIACH; ARLETTE ELMALIACH; SHANI BEN SAADON as an Individual, as statutory representative of The Estate of MICHAEL BEN SAADON and as natural guardian of plaintiff NEHORAI BEN SAADON; NEHORAI BEN SAADON, a minor; ARLETTE BEN SAADON; ARIK BEN SAADON; IRIS BEN SAADON; ETTIE BELASON as an Individual, as statutory representative of the Estate of PHILIP BELASON and as natural guardian of plaintiffs URI BELASON and LINOR BELASON; URI BELASON, a minor; LINOR BELASON, a minor; LIRAN BELASON; LITAL BELASON; MIRI EREZ as an Individual and as statutory representative of the Estate of VICTOR EREZ; AVIV EREZ; TAL EREZ; HADAR EREZ; KEREN HAMIAS; MENACHEM YUNES as an Individual, as statutory representative of the Estate of LILY YUNES and as natural guardian of plaintiff TSACH YUNES; TSACH YUNES, a minor; ASSAF YUNES; BAT EL YUNES; LIDOR YUNES; MIRAIM AMAR as an Individual and as statutory representative of the Estate of BENJAMIN HAFUTA; SUSAN REVIVO as an Individual and as statutory representative of the Estate of BENJAMIN HAFUTA; TITI GOLDBERG as an Individual and as statutory representative of the Estate of BENJAMIN HAFUTA; RACHEL COHEN as an Individual and as statutory representative of the Estate of BENJAMIN HAFUTA; JACKIE HAFUTA as an Individual and as statutory representative of the Estate of BENJAMIN HAFUTA; PROSPER HAFUTA as an Individual and as statutory representative of the Estate of BENJAMIN HAFUTA; RADMILLA SHAULOV as an Individual, as statutory representative of the Estate of DAVID SHAULOV and as natural guardian of plaintiffs IDAN SHAULOV, KARIN SHAULOV and EDEN SHAULOV; IDAN SHAULOV, a minor; KARIN SHAULOV, a minor; EDEN SHAULOV, a minor; MAYA ANIDZAR as an Individual and as statutory representative of the Estate of LIOR ELIAHU ANIDZAR; YOSSI ANIDZAR; YVONNE ANIDZAR; DAVID ANIDZAR; DALIA AMAR; PURIM YAAKOBOV as an Individual, as statutory representative of the Estate of YAAKOV YAAKOBOV and as natural guardian of plaintiffs SALOMON YAAKOBOV and CHANUKA YAAKOBOV; SALOMON YAAKOBOV, a minor; CHANUKA YAAKOBOV, a minor; AMIR RAGOLSKY as an Individual and as statutory representative of the Estate of DANA GALKOWICZ; PERLA GALKOWICZ; NATAN GALKOWICZ; SHARON GALKOWICZ; ORIAN GALKOWICZ; MICHAEL SLUTZKER as an Individual and as statutory representative of the Estate of FATIMA SLUTZKER; NATALIA SLUTZKER; IGOR SLUTZKER; YONATAN ABUKASIS as an Individual, as statutory representative of the Estate of ELLA ABUKASIS and as natural guardian of plaintiff YAAKOV TAMIR ABUKASIS; SIMA ABUKASIS as an Individual, as statutory representative of the Estate of ELLA ABUKASIS and as natural guardian of plaintiff YAAKOV TAMIR ABUKASIS; YAAKOV TAMIR ABUKASIS, a minor; KEREN ABUKASIS; SHLOMIT ABUKASIS; AVRAHAM COHEN as an Individual and as natural guardian of plaintiff MATAN COHEN; COREEN COHEN as an Individual and as natural guardian of plaintiff MATAN COHEN; MATAN COHEN, a minor; HILLEL BASAD as an Individual and as natural guardian of plaintiff ADIR BASAD; BRURIA BASAD as an Individual and as natural guardian of plaintiff ADIR BASAD; ADIR BASAD, a minor; and YOCHANAN COHEN,

Legal
Solutions
& Plus



Federico Castelan Sayre, SBN 067420
**LAW OFFICES OF FEDERICO CASTELAN SAYRE**
900 North Broadway, 7th Floor
Santa Ana, California 92701
Telephone: (714) 550-9117
Facsimile: (714) 550-9125

Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 7 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC396714

RUTHIE ZAHAVI as an Individual and as statutory representative of the Estate of AFIK ZAHAVI; EDWARD YOSEFOV as an Individual and as statutory representative of the Estate of MORDECHAI YOSEFOV; ALBINA IVRAGIMOV as an Individual and as statutory representative of the Estate of MORDECHAI YOSEFOV; RAYA TAMAROV; KEREN ELMALIACH as an Individual, as statutory representative of the Estate of EMI ELMALIACH and as natural guardian of plaintiff JAN ELMALIACH; JAN ELMALIACH, a minor; JACOB ELMALIACH; ARLETTE ELMALIACH; SHANI BEN SAADON as an Individual, as statutory representative of the Estate of MICHAEL BEN SAADON and as natural guardian of plaintiff NEHORAI BEN SAADON; NEHORAI BEN SAADON, a minor; ARLETTE BEN SAADON; ARIK BEN SAADON; IRIS BEN SAADON; ETTIE BELASON as an Individual, as statutory representative of the Estate of PHILIP BELASON and as natural guardian of plaintiffs URI BELASON and LINOR BELASON; URI BELASON, a minor; LINOR BELASON, a minor; LIRAN BELASON; LITAL BELASON; MIRI EREZ as an Individual and as statutory representative of the Estate of VICTOR EREZ; AVIV EREZ; TAL EREZ; HADAR

) CASE NO.:
)
) **PLAINTIFFS' COMPLAINT FOR**
) **DAMAGES FOR WRONGFUL DEATH**
) **AND PERSONAL INJURY**
)
) 1) **NEGLIGENCE UNDER ISRAELI**
)    **LAW;**
) 2) **BREACH OF STATUTORY DUTY**
)    **UNDER ISRAELI LAW;**
) 3) **VICARIOUS LIABILITY UNDER**
)    **ISRAELI LAW;**
)
)
) **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1

**COMPLAINT FOR DAMAGES**

11

EREZ; KEREN HAMIAS; MENACHEM
YUNES as an Individual, as statutory
representative of the Estate of LILY YUNES
and as natural guardian of plaintiff TSACH
YUNES; TSACH YUNES, a minor; ASSAF
YUNES; BAT EL YUNES; LIDOR YUNES;
MIRAIM AMAR as an Individual and as
statutory representative of the Estate of
BENJAMIN HAFUTA; SUSAN REVIVO as
an Individual and as statutory representative
of the Estate of BENJAMIN HAFUTA; TITI
GOLDBERG as an Individual and as statutory
representative of the Estate of BENJAMIN
HAFUTA; RACHEL COHEN as an
Individual and as statutory representative of
the Estate of BENJAMIN HAFUTA; JACKIE
HAFUTA as an Individual and as statutory
representative of the Estate of BENJAMIN
HAFUTA; PROSPER HAFUTA as an
Individual and as statutory representative of
the Estate of BENJAMIN HAFUTA;
RADMILLA SHAULOV as an Individual, as
statutory representative of the Estate of
DAVID SHAULOV and as natural guardian
of plaintiffs IDAN SHAULOV, KARIN
SHAULOV and EDEN SHAULOV; IDAN
SHAULOV, a minor; KARIN SHAULOV, a
minor; EDEN SHAULOV, a minor; MAYA
ANIDZAR as an Individual and as statutory
representative of the Estate of LIOR ELIAHU
ANIDZAR; YOSSI ANIDZAR; YVONNE
ANIDZAR; DAVID ANIDZAR; DALIA
AMAR; PURIM YAAKOBOV as an
Individual, as statutory representative of the
Estate of YAAKOV YAAKOBOV and as
natural guardian of plaintiffs SALOMON
YAAKOBOV and CHANUKA
YAAKOBOV; SALOMON YAAKOBOV, a
minor; CHANUKA YAAKOBOV, a minor;
AMIR RAGOLSKY as an Individual and as
statutory representative of the Estate of
DANA GALKOWICZ; PERLA
GALKOWICZ; NATAN GALKOWICZ;
SHARON GALKOWICZ; ORIAN
GALKOWICZ; MICHAEL SLUTZKER as
an Individual and as statutory representative
of the Estate of FATIMA SLUTZKER;
NATALIA SLUTZKER; IGOR SLUTZKER;

2

**COMPLAINT FOR DAMAGES**

12

YONATAN ABUKASIS as an Individual, as )
statutory representative of the Estate of ELLA )
ABUKASIS and as natural guardian of )
plaintiff YAAKOV TAMIR ABUKASIS; )
SIMA ABUKASIS as an Individual, as )
statutory representative of the Estate of ELLA )
ABUKASIS and as natural guardian of )
plaintiff YAAKOV TAMIR ABUKASIS; )
RON ABUKASIS; YAAKOV TAMIR )
ABUKASIS, a minor; KEREN ABUKASIS; )
SHLOMIT ABUKASIS; AVRAHAM )
COHEN as an Individual and as natural )
guardian of plaintiff MATAN )
COHEN; COREEN COHEN as an Individual )
and as natural guardian of plaintiff MATAN )
COHEN; MATAN COHEN, a minor; )
HILLEL BASAD as an Individual and as )
natural guardian of plaintiff ADIR )
BASAD; BRURIA BASAD as an Individual )
and as natural guardian of plaintiff ADIR )
BASAD; ADIR BASAD, a minor; and )
YOCHANAN COHEN, )
                                                                    )
                          Plaintiffs,                               )
                                                                    )
vs.                                                                 )
                                                                    )
BANK OF CHINA LIMITED                                               )
444 South Flower St., 39th Floor                                    )
Los Angeles, California 90071                                       )
                                                                    )
                                                                    )
                          Defendant.                                )
                                                                    )
_____ )

Plaintiffs complain and allege as follows:

## INTRODUCTION

1.     This is a civil action for a money judgment arising from a series of terrorist
attacks on civilians in Israel carried out by the Palestine Islamic Jihad and Hamas terrorist
organizations between May 13, 2004 and January 29, 2007.

2.     The plaintiffs are persons injured in the aforementioned terrorist attacks and or
the family members and statutory representatives of the estates of persons killed in the attacks.

3

## COMPLAINT FOR DAMAGES

3.     Defendant BANK OF CHINA LIMITED intentionally, recklessly and/or negligently provided extensive banking services to the Palestine Islamic Jihad and to Hamas, which banking services caused, enabled and facilitated the terrorist attacks in which the plaintiffs and their decedents were harmed and killed.

## PARTIES

4.     All plaintiffs are, and at all times mentioned herein were, domiciliaries of the State of Israel.

5.     All decedents were at the time of their deaths domiciliaries of the State of Israel.

6.     Plaintiff RUTHIE ZAHAVI is the mother of decedent AFIK ZAHAVI. Plaintiff RUTHIE ZAHAVI suffered severe physical injuries and AFIK ZAHAVI was killed in a rocket attack carried out by the Hamas terrorist organization in Sderot, Israel on June 28, 2004 (hereinafter: June 28, 2004 attack). Plaintiff RUTHIE ZAHAVI is the surviving heir at law of AFIK ZAHAVI under the State of Israel's *Inheritance Law, 5725 - 1965* (hereinafter: Inheritance Law) and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of AFIK ZAHAVI.

7.     Plaintiffs EDWARD YOSEFOV and ALBINA IVRAGIMOV are the son and daughter of decedent MORDECHAI YOSEFOV, who was killed in the June 28, 2004 attack. Plaintiffs EDWARD YOSEFOV and ALBINA IVRAGIMOV are surviving heirs at law of MORDECHAI YOSEFOV under the Inheritance Law and are authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of MORDECHAI YOSEFOV.

8.     Plaintiff RAYA TAMAROV is the former wife of decedent MORDECHAI YOSEFOV.

9.     Plaintiff KEREN ELMALIACH is the widow of decedent EMI ELMALIACH, who was killed in a terrorist bombing carried out by the Palestine Islamic Jihad ("PIJ") terrorist organization in Eilat, Israel, on January 29, 2007 (hereinafter: January 29, 2007 bombing). Plaintiff KEREN ELMALIACH is a surviving heir at law of EMI ELMALIACH under the

4

## COMPLAINT FOR DAMAGES

14

Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of EMI ELMALIACH.

10. Plaintiff JAN ELMALIACH is the minor son of plaintiff KEREN ELMALIACH and decedent EMI ELMALIACH, and a surviving heir at law of EMI ELMALIACH under the Inheritance Law.

11. Plaintiffs JACOB ELMALIACH and ARLETTE ELMALIACH are the parents of decedent EMI ELMALIACH.

12. Plaintiff SHANI BEN SAADON is the widow of decedent MICHAEL BEN SAADON, who was killed in the January 29, 2007 bombing. Plaintiff SHANI BEN SAADON is a surviving heir at law of MICHAEL BEN SAADON under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of MICHAEL BEN SAADON.

13. Plaintiff NEHORAI BEN SAADON is the minor son of plaintiff SHANI BEN SAADON and decedent MICHAEL BEN SAADON, and a surviving heir at law of MICHAEL BEN SAADON under the Inheritance Law.

14. Plaintiffs ARLETTE BEN SAADON, ARIK BEN SAADON and IRIS BEN SAADON are, respectively, the mother, brother and sister of decedent MICHAEL BEN SAADON.

15. Plaintiff ETTIE BELASON is the widow of decedent PHILIP BELASON, who was killed in a terrorist bombing carried out by the PIJ in Tel Aviv, Israel, on April 17, 2006 (hereinafter: April 17, 2006 bombing). Plaintiff ETTIE BELASON is a surviving heir at law of PHILIP BELASON under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of PHILIP BELASON.

16. Plaintiffs URI BELASON, minor, LINOR BELASON, a minor, LIRAN BELASON and LITAL BELASON are the children of plaintiff ETTIE BELASON and decedent PHILIP BELASON and are surviving heirs at law of PHILIP BELASON under the Inheritance Law.

5

**COMPLAINT FOR DAMAGES**

17.     Plaintiff MIRI EREZ is the widow of decedent VICTOR EREZ, who was killed in the April 17, 2006 bombing. Plaintiff MIRI EREZ is a surviving heir at law of VICTOR EREZ under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of VICTOR EREZ.

18.     Plaintiffs AVIV EREZ, TAL EREZ, HADAR EREZ and KEREN HAMIAS are the children of plaintiff MIRI EREZ and decedent VICTOR EREZ and are surviving heirs at law of VICTOR EREZ under the Inheritance Law.

19.     Plaintiff MENACHEM YUNES is the widower of decedent LILY YUNES, who was killed in the April 17, 2006 bombing. Plaintiff MENACHEM YUNES is a surviving heir at law of LILY YUNES under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of LILY YUNES.

20.     Plaintiffs TSACH YUNES, minor, ASSAF YUNES, BAT EL YUNES and LIDOR YUNES are the children of plaintiff MENACHEM YUNES and decedent LILY YUNES and are surviving heirs at law of LILY YUNES under the Inheritance Law.

21.     Plaintiffs MIRAIM AMAR, SUSAN REVIVO, TITI GOLDBERG, RACHEL COHEN, JACKIE HAFUTA and PROSPER HAFUTA are the siblings of decedent BENJAMIN HAFUTA, who was killed in the April 17, 2006 bombing. Plaintiffs MIRAIM AMAR, SUSAN REVIVO, TITI GOLDBERG, RACHEL COHEN, JACKIE HAFUTA and PROSPER HAFUTA are surviving heirs at law of BENJAMIN HAFUTA under the Inheritance Law and are authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of BENJAMIN HAFUTA.

22.     Plaintiff RADMILLA SHAULOV is the widow of decedent DAVID SHAULOV, who was killed in the April 17, 2006 bombing. Plaintiff RADMILLA SHAULOV is a surviving heir at law of DAVID SHAULOV under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of DAVID SHAULOV.

6

**COMPLAINT FOR DAMAGES**

23. Plaintiffs IDAN SHAULOV, KARIN SHAULOV and EDEN SHAULOV, minors, are the children of plaintiff RADMILLA SHAULOV and decedent DAVID SHAULOV and are surviving heirs at law of DAVID SHAULOV under the Inheritance Law.

24. Plaintiff MAYA ANIDZAR is the widow of decedent LIOR ELIAHU ANIDZAR, who was killed in the April 17, 2006 bombing. Plaintiff MAYA ANIDZAR is a surviving heir at law of LIOR ELIAHU ANIDZAR under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of LIOR ELIAHU ANIDZAR.

25. Plaintiffs YOSSI ANIDZAR and YVONNE ANIDZAR are the parents of decedent LIOR ELIAHU ANIDZAR and are surviving heirs at law of LIOR ELIAHU ANIDZAR under the Inheritance Law.

26. Plaintiffs DAVID ANIDZAR and DALIA AMAR are, respectively, the brother and sister of decedent LIOR ELIAHU ANIDZAR.

27. Plaintiff PURIM YAAKOBOV is the widow of decedent YAAKOV YAAKOBOV, who was killed in a terrorist rocket attack carried out by Hamas in Shaar HaNegev, Israel on November 21, 2006. Plaintiff PURIM YAAKOBOV is a surviving heir at law of YAAKOV YAAKOBOV under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of YAAKOV YAAKOBOV.

28. Plaintiffs SALOMON YAAKOBOV and CHANUKA YAAKOBOV, minors, are the children of plaintiff PURIM YAAKOBOV and decedent YAAKOV YAAKOBOV and are surviving heirs at law of YAAKOV YAAKOBOV under the Inheritance Law.

29. Plaintiff AMIR RAGOLSKY is the widower of decedent DANA GALKOWICZ, who was killed in a terrorist rocket attack carried out by Hamas in Nativ Ha'asarah, Israel on July 14, 2005. Plaintiff AMIR RAGOLSKY is a surviving heir at law of DANA GALKOWICZ under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of DANA GALKOWICZ.

**COMPLAINT FOR DAMAGES**

17

30.     Plaintiffs PERLA GALKOWICZ and NATAN GALKOWICZ are the parents of decedent DANA GALKOWICZ and are surviving heirs at law of DANA GALKOWICZ under the Inheritance Law.

31.     Plaintiffs SHARON GALKOWICZ and ORIAN GALKOWICZ are, respectively, the sister and brother of decedent DANA GALKOWICZ.

32.     Plaintiff MICHAEL SLUTZKER is the widower of decedent FATIMA SLUTZKER, who was killed in a terrorist rocket attack carried out by Hamas in Sderot, Israel on November 15, 2006. Plaintiff MICHAEL SLUTZKER is a surviving heir at law of FATIMA SLUTZKER under the Inheritance Law and is authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of FATIMA SLUTZKER.

33.     Plaintiffs NATALIA SLUTZKER and IGOR SLUTZKER are the daughter and son of decedent FATIMA SLUTZKER and are surviving heirs at law of FATIMA SLUTZKER under the Inheritance Law.

34.     Plaintiffs YONATAN ABUKASIS and SIMA ABUKASIS are the parents of decedent ELLA ABUKASIS, who was killed in a terrorist rocket attack carried out by Hamas in Sderot, Israel on January 15, 2005. Plaintiffs YONATAN ABUKASIS and SIMA ABUKASIS are the surviving heirs at law of ELLA ABUKASIS under the Inheritance Law and are authorized by the provisions of Part 5 of the Inheritance Law to bring this action on behalf of the Estate of ELLA ABUKASIS.

35.     Plaintiffs RON ABUKASIS, YAAKOV TAMIR ABUKASIS, minor, KEREN ABUKASIS and SHLOMIT ABUKASIS are the siblings of decedent ELLA ABUKASIS.

36.     Plaintiffs AVRAHAM COHEN and COREEN COHEN are the parents of plaintiff MATAN COHEN, minor. Plaintiff MATAN COHEN was severely injured in a terrorist rocket attack carried out by Hamas in Sderot, Israel on December 26, 2006.

37.     Plaintiffs HILLEL BASAD and BRURIA BASAD are the parents of plaintiff ADIR BASAD, minor. Plaintiff ADIR BASAD was severely injured in a terrorist rocket attack carried out by Hamas in Sderot, Israel on December 26, 2006.

8

**COMPLAINT FOR DAMAGES**

38.     Plaintiff YOCHANAN COHEN was severely injured in a terrorist rocket attack carried out by Hamas in Sderot, Israel on May 13, 2004.

39.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant the BANK OF CHINA LIMITED (hereinafter BOC) is, and was, a corporation headquartered in and organized under the laws of the People's Republic of China (hereinafter PRC), which has a branch at 444 South Flower St., Los Angeles, California, and does extensive business in the State of California.

## GENERAL ALLEGATIONS

### The Palestine Islamic Jihad and Hamas

40.     The PIJ and Hamas were founded in the Gaza Strip during the 1980s.

41.     The PIJ and Hamas are radical terrorist organizations. The openly-declared goal of PIJ and Hamas is the creation of an Islamic state in the territory of Israel, the West Bank and the Gaza Strip, and the destruction of the State of Israel and the murder or expulsion of its Jewish residents. The PIJ and Hamas seek to achieve this goal by carrying out terrorist attacks against Jewish civilians in Israel, the West Bank and the Gaza Strip. The PIJ and Hamas proudly and openly acknowledge that they use terrorism to achieve their political goals.

42.     Between the time of their founding and January 29, 2007 (and until the present day), PIJ and Hamas have carried out thousands of terrorist attacks in Israel, the West Bank and the Gaza Strip, in which scores of Israeli and U.S. citizens were murdered and hundreds more wounded.

43.     Between the time of their founding and January 29, 2007, the policy and practice of the PIJ and Hamas of carrying out terrorist attacks was and is notorious and well known to the public at large, including Defendant BOC.

44.     Between 1999 and January 29, 2007, the courts of the United States published a large number of decisions finding that PIJ and Hamas were responsible for terrorist attacks in which American and Israeli citizens were killed or injured.

45.     The PIJ and Hamas have been designated by the United States as a Foreign

9

## COMPLAINT FOR DAMAGES

Terrorist Organization ("FTO") continuously since 1997 and as a Specially Designated Global Terrorist ("SDGT") continuously since 2001.

**The Terrorist Attacks**

46.     The plaintiffs were injured and their decedents were killed by a series of terrorist attacks (hereinafter: Terrorist Attacks) carried out by the PIJ and Hamas, as detailed below.

47.     On June 28, 2004, Hamas fired a rocket from the Gaza Strip at the town of Sderot, Israel. The rocket killed decedent AFIK ZAHAVI, a four year-old boy who was on his way to nursery school, and severely injured his mother, Plaintiff RUTHIE ZAHAVI. This rocket attack also killed decedent MORDECHAI YOSEFOV, a 49 year-old man.

48.     As a result of the June 28, 2004 rocket attack Plaintiff RUTHIE ZAHAVI suffered severe physical, psychological, emotional and financial harm and decedent AFIK ZAHAVI suffered extreme conscious pain, death and financial harm.

49.     As a result of the June 28, 2004 rocket attack, Plaintiffs EDWARD YOSEFOV, ALBINA IVRAGIMOV and RAYA TAMAROV suffered severe psychological, emotional and financial harm, and decedent MORDECHAI YOSEFOV extreme conscious pain, death and financial harm.

50.     On January 29, 2007, the PIJ carried out a terrorist bombing at a bakery in Eilat, Israel. Decedents EMI ELMALIACH and MICHAEL BEN SAADON, the proprietors of the bakery, were killed in the bombing.

51.     As a result of the January 29, 2007 bombing, Plaintiffs KEREN ELMALIACH, JAN ELMALIACH, JACOB ELMALIACH, ARLETTE ELMALIACH, SHANI BEN SAADON, NEHORAI BEN SAADON, ARLETTE BEN SAADON, ARIK BEN SAADON and IRIS BEN SAADON suffered severe psychological, emotional and financial harm, and decedents EMI ELMALIACH and MICHAEL BEN SAADON suffered extreme conscious pain, death and financial harm.

52.     On April 17, 2006, in the midst of the Passover holiday, the PIJ carried out a suicide bombing at the Rosh Ha'ir restaurant near the old central bus station in Tel Aviv, which was filled with diners. Decedents PHILIP BELASON, VICTOR EREZ, LILY YUNES,

10

**COMPLAINT FOR DAMAGES**

1   BENJAMIN HAFUTA, DAVID SHAULOV and LIOR ELIAHU ANIDZAR were killed in that
2   bombing.

3       53.     As a result of the April 17, 2006 bombing, plaintiffs ETTIE BELASON, URI
4   BELASON, LINOR BELASON, LIRAN BELASON; LITAL BELASON; MIRI EREZ, AVIV
5   EREZ, TAL EREZ, HADAR EREZ, KEREN HAMIAS, MENACHEM YUNES, TSACH
6   YUNES, ASSAF YUNES, BAT EL YUNES, LIDOR YUNES,  MIRAIM AMAR, SUSAN
7   REVIVO, TITI GOLDBERG, RACHEL COHEN, JACKIE HAFUTA, PROSPER HAFUTA,
8   RADMILLA SHAULOV, IDAN SHAULOV, KARIN SHAULOV, EDEN SHAULOV, MAYA
9   ANIDZAR, YOSSI ANIDZAR, YVONNE ANIDZAR, DAVID ANIDZAR and DALIA AMAR
10  suffered severe psychological, emotional and financial harm, and decedents PHILIP BELASON,
11  VICTOR EREZ, LILY YUNES, BENJAMIN HAFUTA, DAVID SHAULOV and LIOR
12  ELIAHU ANIDZAR suffered extreme conscious pain, death and financial harm.

13      54.     On November 21, 2006, Hamas fired a rocket from the Gaza Strip at a poultry
14  factory in Shaar HaNegev, Israel. The rocket mortally wounded decedent YAAKOV
15  YAAKOBOV, a forklift operator at the plant, who died of his wounds later that day.

16      55.     As a result of the November 21, 2006 attack, Plaintiffs PURIM YAAKOBOV,
17  SALOMON YAAKOBOV and CHANUKA YAAKOBOV suffered severe psychological,
18  emotional and financial harm and decedent YAAKOV YAAKOBOV suffered extreme conscious
19  pain, death and financial harm.

20      56.     On July 14, 2005, Hamas fired a rocket from the Gaza Strip at Nativ Ha`asarah,
21  Israel. The rocket killed Decedent DANA GALKOWICZ, a college student, and wounded her
22  common law spouse Plaintiff AMIR RAGOLSKY.

23      57.     As a result of the July 14, 2005 attack, plaintiff AMIR RAGOLSKY suffered
24  severe physical, psychological, emotional and financial harm, plaintiffs PERLA GALKOWICZ,
25  NATAN GALKOWICZ, SHARON GALKOWICZ and ORIAN GALKOWICZ suffered severe
26  psychological, emotional and financial harm and decedent DANA GALKOWICZ suffered
27  extreme conscious pain, death and financial harm.

28

11

**COMPLAINT FOR DAMAGES**

21

58.     On November 15, 2006, Hamas fired a rocket from the Gaza Strip at Sderot, Israel. That rocket killed 57 year-old FATIMA SLUTZKER in the presence of her husband, Plaintiff MICHAEL SLUTZKER.

59.     As a result of the November 15, 2006 attack, Plaintiffs MICHAEL SLUTZKER, NATALIA SLUTZKER and IGOR SLUTZKER suffered severe psychological, emotional and financial harm, and decedent FATIMA SLUTZKER suffered extreme conscious pain, death and financial harm.

60.     On January 15, 2005, Hamas fired a rocket from the Gaza Strip at Sderot, Israel. That rocket killed 17 year-old ELLA ABUKASIS and wounded her ten year-old brother, Plaintiff YAAKOV TAMIR ABUKASIS, whom ELLA sheltered with her body thereby saving his life and sacrificing her own.

61.     As a result of the January 15, 2005 attack Plaintiff YAAKOV TAMIR ABUKASIS suffered severe physical, psychological, emotional and financial harm, Plaintiffs YONATAN ABUKASIS, SIMA ABUKASIS, RON ABUKASIS, KEREN ABUKASIS and SHLOMIT ABUKASIS suffered severe psychological, emotional and financial harm and decedent ELLA ABUKASIS suffered extreme conscious pain, death and financial harm.

62.     On December 26, 2006, Hamas fired a rocket from the Gaza Strip at Sderot, Israel. That rocket severely wounded Plaintiffs MATAN COHEN and ADIR BASAD.

63.     As a result of the December 26, 2006 attack Plaintiffs MATAN COHEN and ADIR BASAD suffered severe physical, psychological, emotional and financial harm, and Plaintiffs AVRAHAM COHEN, COREEN COHEN, HILLEL BASAD and BRURIA BASAD suffered severe psychological, emotional and financial harm.

64.     On December 26, 2006, Hamas fired a rocket from the Gaza Strip at Sderot, Israel, which severely wounded Plaintiff YOCHANAN COHEN. As a result of that attack, Plaintiff YOCHANAN COHEN suffered severe physical, psychological, emotional and financial harm.

**Bank of China's Provision of Banking Services to the PIJ and Hamas**

65.     The PIJ and Hamas are subject to strict economic sanctions programs imposed by

12

## COMPLAINT FOR DAMAGES

the United States as the result of their designation as FTOs and SDGTs (collectively hereinafter: "U.S. Sanctions Regime").

66.    The U.S. Sanctions Regime is intended to prevent PIJ and Hamas from conducting banking activities, and thereby limit their ability to plan, to prepare and to carry out terrorist attacks.

67.    The U.S. Sanctions Regime is effective when it is observed and enforced. PIJ and Hamas are unable to conduct banking activities via banks and other financial institutions which observe and enforce the U.S. Sanctions Regime.

68.    If all banks and financial institutions around the world observed and enforced the U.S. Sanctions Regime, the ability of PIJ and Hamas to conduct banking activities would be severely restricted, and the ability of PIJ and Hamas to plan, to prepare and to carry out terrorist attacks would be significantly reduced.

69.    Nearly all banks and financial institutions around the world observe and enforce the U.S. Sanctions Regime. The PIJ and Hamas are therefore forced to conduct its banking activities using those very few banks and financial institutions which do not observe and enforce the U.S. Sanctions Regime.

70.    Defendant BOC does not observe or enforce the U.S. Sanctions Regime.

71.    Beginning in July 2003, BOC began to provide extensive banking services to PIJ and Hamas. Specifically, between 2003 and the date of the Terrorist Bombing, BOC executed dozens of wire transfers for the PIJ and Hamas, totaling several million dollars. These dollar transfers were initiated by the PIJ and Hamas leadership in Iran, Syria and elsewhere in the Middle East, and were executed by and through BOC's branches in the United States. Most of these transfers were made to account number 4750401-0188-150882-6 at a BOC branch in Guanzhou, China, in the name of "S.Z.R Alshurafa." The owner of the account, Said al-Shurafa ("Shurafa") is a senior operative and agent of the PIJ and of Hamas. Other dollar transfers were made by PIJ via BOC's branches in the United States to another account belonging to Shurafa at the same BOC branch in Guanzhou. The wire transfers referred to in this paragraph are referred to collectively hereinafter as the "Wire Transfers."

13

**COMPLAINT FOR DAMAGES**

72.   Pursuant to instructions from the PIJ and Hamas, upon receiving the Wire Transfers in his BOC accounts Shurafa moved the sums to the PIJ and Hamas terrorist leadership in Israel, the West Bank and the Gaza Strip, for the purpose of planning, preparing for and executing terrorist attacks.

73.   Terrorist organizations such as PIJ and Hamas need wire transfer and other banking services in order to plan, to prepare for and to carry out terrorist attacks.

74.   Provision of wire transfer or other banking services to PIJ and Hamas enables PIJ and Hamas to plan, to prepare for and to carry out terrorist attacks, and enhances the ability of the PIJ and Hamas to plan, to prepare for and to carry out such attacks.

75.   PIJ and Hamas carried out the Wire Transfers in order to transfer and receive funds necessary for planning, preparing and carrying out terrorist activity, including the Terrorist Attacks in which the instant plaintiffs were harmed.

76.   The Wire Transfers substantially increased and facilitated the ability of the PIJ and Hamas to plan, to prepare for and to carry out terrorist attacks on civilians, including the Terrorist Attacks in which the instant plaintiffs were harmed.

77.   The Wire Transfers were enabled, facilitated and proximately caused by the conduct of Defendant BOC described herein. As the result of BOC's conduct, the PIJ and Hamas were able to transfer million of dollars in funds to their terrorist leadership in Israel, the West Bank and the Gaza Strip, which substantially increased and facilitated their ability to plan and carry out terrorist attacks, including the Terrorist Attacks in which the instant plaintiffs were harmed. The Terrorist Attacks in which the instant plaintiffs were harmed were thereby enabled, facilitated and proximately caused by the conduct of Defendant BOC described herein.

78.   Plaintiffs' injuries are therefore the direct and proximate result of Defendant BOC's' conduct.

79.   At all times, BOC had actual knowledge that the Wire Transfers were being made by the PIJ and Hamas for the purpose of carrying out terrorist attacks, and that the Wire Transfers enhanced the ability of the PIJ and Hamas to plan, prepare for and carry out such attacks. In April 2005, officials of the counterterrorism division of the Office of the Prime

14

**COMPLAINT FOR DAMAGES**

Minister of the State of Israel (collectively hereinafter: "Israeli officials") met with officials of the PRC's Ministry of Public Security and the PRC's central bank (collectively hereinafter: "PRC officials") regarding the Wire Transfers. At that meeting in April 2005, the Israeli officials emphasized to the PRC officials that the Wire Transfers were being made by the PIJ and Hamas for the purpose of carrying out terrorist attacks, and that the Wire Transfers enhanced the PIJ's and Hamas' ability to plan, prepare for and carry out such attacks. At that April 2005 meeting, the Israeli officials demanded that the PRC officials take action to prevent BOC from making further such transfers. The PRC officials notified the BOC of both the facts presented by the Israeli officials and their demand the BOC halt the Wire Transfers, but the BOC (with the approval of the PRC) ignored this demand and continued to carry out further Wire Transfers between April 2005 and January 29, 2007 (and subsequently).

80.    Even prior to the Israeli officials' demand to halt the Wire Transfers, BOC knew and/or should have known that the Wire Transfers were being made for illegal purposes, *inter alia* in light of the following facts:

a.    Most of the Wire Transfers were made in cash;

b.    Most of the Wire Transfers were withdrawn by Shurafa on the same day they were received or on the following day, often in cash;

c.    The sums involved were large, mostly in the range of $100,000 or more;

d.    The intervals between transfers were often short (weeks or days) and the sums transferred were often identical or similar. For example, many of the transfers were for $99,960, $99,970 or $99,990;

e.    Many of the transfers were for round figures;

f.    Many of the transfers were structured to be slightly less than round figures. For example, many of the transfers were for $99,960, $99,970, $99,990 or $199,965;

g.    This pattern of transfers continued for a period of years;

15

**COMPLAINT FOR DAMAGES**

h.    The Wire Transfers have no business or apparent lawful purpose, and there was no reasonable explanation for them.

81.    The facts enumerated in the previous paragraph are universally recognized by all professional bankers, including Defendant BOC and its employees, as typical indicia of transactions made for illegal purposes.

82.    Even prior to the Israeli officials' demand to halt the Wire Transfers, BOC knew and or should have known that the Wire Transfers were being made for illegal purposes because BOC had and has statutory duties, *inter alia* under United States law and under the rules promulgated by the Financial Action Task Force ("FATF"), to monitor, report and refuse to execute suspicious and or irregular banking transactions. The Wire Transfers were facially suspicious and irregular in light of each and all of the facts enumerated in paragraph 80. By executing the Wire Transfers, Defendant BOC breached its statutory duties to monitor, report and refuse to execute suspicious and/or irregular banking transactions.

83.    Even prior to the Israeli officials' demand to halt the Wire Transfers, BOC knew and/or should have known that the Wire Transfers were being made for illegal purposes because BOC had and has statutory duties, *inter alia* under United States law and the rules promulgated by FATF, to know its customers and perform due diligence. By executing the Wire Transfers, BOC breached its statutory duties to know its customers and perform due diligence.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

### (By All Plaintiffs Against Defendant BOC)

### Under the Law of the State of Israel

84.    Plaintiffs allege and incorporate as though fully set forth herein Paragraphs 1 through 83, above.

85.    Causes of action in tort in Israeli law are codified in the *Civil Wrongs Ordinance (New Version) - 1968*, (hereinafter "CWO"). The CWO provides that any person injured or

16

## COMPLAINT FOR DAMAGES

harmed by the civil wrongs enumerated in the CWO is entitled to relief from the person liable or responsible for the wrong.

86. CWO § 35 creates a "civil wrong" of Negligence.

87. CWO § 35 provides that a person is liable for the civil wrong of Negligence when he commits an act which a reasonable and prudent person would not have committed under the same circumstances; or refrains from committing an act which a reasonable and prudent person would have committed under the same circumstances; or, in the performance of his occupation, does not use the skill or exercise the degree of caution which a reasonable person qualified to act in that occupation would have used or exercised under the same circumstances, and thereby causes damage to another person toward whom, under those circumstances he is obligated not to act as he did.

88. CWO § 36 provides that the obligation stated in the last sentence of § 35 is toward all persons, to the extent that a reasonable person would have under the same circumstances foreseen that, in the ordinary course of events, they were liable to be injured by the act or omission.

89. Under binding precedent of the Israeli Supreme Court, the tort of Negligence also includes intentional and/or reckless conduct.

90. By carrying out the Wire Transfers, Defendant BOC performed acts which a reasonable and prudent person would not have committed under the same circumstances, within the meaning of the CWO.

91. Defendant BOC refrained from committing acts which a reasonable and prudent person would have committed under the same circumstances, within the meaning of the CWO, in that, *inter alia*, Defendant BOC failed to comply with its statutory obligations under United States law and the FATF rules to know its customers and perform due diligence, and to monitor, report and refuse to execute illegal, suspicious and/or irregular banking transactions.

92. Defendant BOC did not, in the performance of its occupation, use the skill or exercise the degree of caution which a reasonable person qualified to act in that occupation would have used or exercised under the same circumstances, within the meaning of the CWO, in

17

**COMPLAINT FOR DAMAGES**

that, *inter alia*, BOC carried out the Wire Transfers, failed to comply with its statutory obligations to know its customers and perform due diligence, and failed to monitor, report and refuse to execute illegal, suspicious and or irregular banking transactions.

93.   Defendant BOC acted negligently in connection with the plaintiffs and the decedents, toward whom, in the circumstances described herein, defendant BOC had an obligation not to act as it did. Defendant BOC was obligated not to act as it did because a reasonable person would, under the same circumstances, have foreseen that, in the ordinary course of events, persons such as the decedents and the plaintiffs were liable to be harmed by defendant BOC's acts and omissions described herein.

94.   Defendant BOC's behavior constitutes Negligence under the CWO, and that negligent behavior was the proximate cause of the plaintiffs' harm, which includes: death; severe physical injuries, pain and suffering; loss of pecuniary support; loss of income; loss of consortium; emotional distress; loss of society and companionship and loss of solatium, in a sum in excess of the minimum jurisdictional limits of this court.

95.   Defendant BOC is therefore liable for the full amount of plaintiffs' compensatory damages.

96.   Under Israeli case law a plaintiff harmed by an act of Negligence caused by intentional or reckless conduct is entitled to punitive damages.

97.   Defendant BOC's conduct was criminal in nature, dangerous to human life, outrageous, intentional, reckless and malicious, and so warrants an award of punitive damages.

## SECOND CAUSE OF ACTION

### BREACH OF STATUTORY DUTY

### (By All Plaintiffs Against Defendant BOC)

### Under the Law of the State of Israel

98.   Plaintiffs allege and incorporate as though fully set forth herein Paragraphs 1 through 97 above.

18

## COMPLAINT FOR DAMAGES

99.     CWO § 63 creates a civil wrong of Breach of Statutory Duty defined as the failure to comply with an obligation imposed under any legal statute, if the legal statute is intended for the benefit or protection of another person, and if the breach of the statute caused that person damage of the kind or nature intended to be prevent by the statute.

100.    CWO § 63(b) provides that for the purpose of CWO § 63, a statute is deemed to have been enacted for the benefit or protection of a specific person, if it is intended for the benefit or protection of that person, or for the benefit or protection of persons in general, or of persons of a category or definition to which that specific person belongs.

101.    Defendant BOC breached and failed to comply with obligations imposed upon it by numerous statutes, which were intended for the benefit and protection of persons in general, and for the benefit and protection of persons of the type, category and definition to which plaintiffs and the decedents belong, within the meaning of the CWO.

102.    The statutory obligations breached by defendant BOC include, without limitation, the provisions of the following enactments:

a.  The Bank Secrecy Act (31 U.S.C. § 5311 *et seq.*);

b.  31 C.F.R. Part 103;

c.  18 U.S.C. §§ 2331–2339 (criminal prohibitions on provision of material support and resources, including banking services, to terrorist organizations).

103.    All of the statutory enactments listed above are intended for the benefit and protection of persons in general, for the specific benefit and protection of innocent civilians such as the plaintiffs and the decedents, in that all of the statutory enactments listed above are intended to protect all such persons from terrorist attacks and from all the damages which terrorist attacks are liable to inflict.

104.    Defendant BOC's breach of its statutory obligations was the proximate cause of the harm to the plaintiffs and the death of the decedents, and caused plaintiffs and the decedents damage of the kind and nature intended to be prevented by the statutory enactments which were breached by BOC, including: death; severe physical injuries, pain and suffering; loss of

19

**COMPLAINT FOR DAMAGES**

1    pecuniary support; loss of income; loss of consortium; emotional distress; loss of society and

2    companionship and loss of solatium, in a sum in excess of the minimum jurisdictional limits of

3    this court.

4         105.    Defendant BOC committed the civil wrong of Breach of Statutory Duty under

5    CWO § 63, and is therefore liable for the full amount of plaintiffs' damages.

6         106.    Under Israeli case law a plaintiff harmed by an intentional or reckless Breach of

7    Statutory Duty is entitled to punitive damages.

8         107.    Defendant BOC's conduct was criminal in nature, dangerous to human life,

9    outrageous, intentional, reckless and malicious, and so warrants an award of punitive damages.

10                        **THIRD CAUSE OF ACTION**

11                          **VICARIOUS LIABILITY**

12                **(By All Plaintiffs Against Defendant BOC)**

13                  **Under the Law of the State of Israel**

14        108.    Plaintiffs allege and incorporate as though fully set forth herein Paragraphs 1

15   through 107 above.

16        109.    Defendant BOC provided PIJ and Hamas with banking services which enabled,

17   facilitated, supported and assisted PIJ and Hamas to carry out the Terrorist Attacks in which

18   plaintiffs were harmed and the decedents killed.

19        110.    Vicarious liability principles are recognized in Israeli law in § 12 of the CWO,

20   which provides that a person who participates in, assists, advises or solicits an act or omission,

21   committed or about to be committed by another person, or who orders, authorizes, or ratifies

22   such an act or omission, is liable for such act or omission.

23        111.    Defendant BOC assisted PIJ and Hamas to carry out the Terrorist Attacks and is

24   therefore liable under CWO § 12 for the full amount of plaintiffs' damages, described above, in a

25   sum in excess of the minimum jurisdictional limits of this court.

26        112.    Under Israeli case law a plaintiff harmed by intentional or reckless conduct is

27   entitled to punitive damages.

28

113.    Defendant BOC's conduct was criminal in nature, dangerous to human life, outrageous, intentional, reckless and malicious, and so warrants an award of punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, for each cause of action, as follows:

1.    For loss of financial support;

2.    For general damages for loss of love, aid, comfort and society, in an amount to be proven at time of trial;

3.    For conscious pain and suffering;

4.    For damages for medical and related expenses according to proof;

5.    For damages for loss of earnings according to proof;

6.    For other and further general and special damages in a sum according to proof at the time of trial;

7.    For punitive damages;

8.    For interest according to law;

9.    For costs of suit incurred herein; and

10.    For such other and further relief as this Court deems just and proper.

Dated:  August 21, 2008            **LAW OFFICES OF FEDERICO C. SAYRE**


By: _____
            Federico C. Sayre
            Attorneys for Plaintiffs


            NITSANA DARSHAN-LEITNER & CO.
            Nitsana Darshan-Leitner, Adv.
            *Israeli Counsel for Plaintiffs*
            10 Hata'as Street
            Ramat Gan, 52512
            Israel

21

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the above-entitled action.

Dated:  August 21, 2008         **LAW OFFICES OF FEDERICO C. SAYRE**


By: _____
              Federico C. Sayre
              Attorney for Plaintiffs

22

## COMPLAINT FOR DAMAGES

32

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE



#### Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. (pending) | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. (pending) | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosenfield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. (pending) | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
|  |  |  | Other |  |  |

*Class Actions

Given to the Plaintiff Cross-Complainant Attorney of Record on _____   JOHN A. CLARKE, Executive Officer Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev 01/08)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
### [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**  A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**  A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**  A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**  A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**  Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**  Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 01-07)

Page 1 of 1

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

**PARTY PAY PANEL**

The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**

The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**ENE**

The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators.  The evaluators provide preparation time and three hours hearing time per case at no charge.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

**PRIVATE NEUTRAL**

The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
**(213) 250-8190**
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
**(818) 377-7250**

### Center for Conflict Resolution
**(818) 380-1840**

### Inland Valleys Justice Center
**(909) 397-5780**
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
**(213) 485-8324**
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
**(213) 974-0825**
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
**(213) 736-1145**
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
**(323) 290-4132**
(Spanish language capability)

### City of Norwalk
**(562) 929-5603**

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Page 1 of 2

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| **A Mediator helps parties. . .** | **A Mediator does not. . .** |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

☐ **Additional signature(s) on reverse**

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

Short Title

Case Number

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| --- | --- | --- |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

Civ. Rules of Court, rule 3.221
Page 2 of 2



*from the*
### LOS ANGELES SUPERIOR COURT
**ADR DEPARTMENT**

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- ♦ **ENE can reduce litigation time and costs and promote settlement.**

- ♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case.  After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- ♦ **ENE is voluntary and confidential.**

- ♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- ♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

05/11/06

**Page 1 of 2**

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- ## Chatsworth
- ## Pomona
- ## Santa Monica
- ## Van Nuys
- ## Stanley Mosk (Departments listed below only.)
  - Department 15
  - Department 16
  - Department 28
  - Department 30
  - Department 31
  - Department 32
  - Department 38
  - Department 42
  - Department 47
  - Department 50
  - Department 52
  - Department 55
  - Department 56
  - Department 68
  - Department 71
  - Department 89

05/11/06

Page 2 of 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| FEDERICO C. SAYRE, ESQ. (SBN 067420)<br>LAW OFFICES OF FEDERICO C. SAYRE<br>900 N. Broadway, 4th Floor<br>Santa Ana, California 92701 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |

TELEPHONE NO.: (714) 550-9117   FAX NO.: (724) 550-9125

ATTORNEY FOR (Name): Plaintiffs

AUG 21 2008

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012-3117
BRANCH NAME: CENTRAL DISTRICT

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

CASE NAME: RUTHIE SAHAVI, et al vs. BANK OF CHINA, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: BC396714 |
|---|---|---|---|
| x **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | **Counter**   **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400-3.403)** |
|---|---|---|
| Auto (22) | Breach of contract/warranty (06) | Antitrust/Trade regulation (03) |
| Uninsured motorist (46) | Rule 3.740 collections (09) | Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | Other collections (09) | Mass tort (40) |
| | Insurance coverage (18) | Securities litigation (28) |
| Asbestos (04) | Other contract (37) | Environmental/Toxic tort (30) |
| Product liability (24) | **Real Property** | Insurance coverage claims arising from the |
| Medical malpractice (45) | Eminent domain/Inverse | above listed provisionally complex case |
| x Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | Wrongful eviction (33) | **Enforcement of Judgment** |
| Business tort/unfair business practice (07) | Other real property (26) | Enforcement of judgment (20) |
| Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| Defamation (13) | Commercial (31) | RICO (27) |
| Fraud (16) | Residential (32) | Other complaint (not specified above) (42) |
| Intellectual property (19) | Drugs (38) | **Miscellaneous Civil Petition** |
| Professional negligence (25) | **Judicial Review** | Partnership and corporate governance (21) |
| Other non-PI/PD/WD tort (35) | Asset forfeiture (05) | Other petition (not specified above) (43) |
| **Employment** | Petition re: arbitration award (11) | |
| Wrongful termination (36) | Writ of mandate (02) | |
| Other employment (15) | Other judicial review (39) | |

2. This case   x   is         is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a.       Large number of separately represented parties      d.       Large number of witnesses
   b.       Extensive motion practice raising difficult or novel   e.       Coordination with related actions pending in one or more courts
            issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c.   x   Substantial amount of documentary evidence            f.       Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.   x   monetary   b.       nonmonetary; declaratory or injunctive relief   c.       punitive
4. Number of causes of action (specify): Three (3)
5. This case   x   is         is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: August 21, 2008

FEDERICO C. SAYRE, ESQ.   SBN 067420
(TYPE OR PRINT NAME)                                              ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

43

| SHORT TITLE: RUTHIE ZAHAVI, et al vs. BANK OF CHINA, et al | CASE NUMBER: CC598714 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  ☒ YES  CLASS ACTION?  ☐ YES  LIMITED CASE?  ☐ YES  TIME ESTIMATED FOR TRIAL  30  ☐ HOURS  ☒ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | A6070  Asbestos Property Damage | 2. |
| | | A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | X  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| | SHORT TITLE | RUTHIE ZAHAVI, et al vs. BANK OF CHINA, et al | CASE NUMBER |
|---|---|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.) | Professional<br>Negligence<br>(25) | A6017  Legal Malpractice | 1., 2., 3. |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3 |
| | Other (35) | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination<br>(36) | A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections<br>(09) | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage<br>(18) | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | A6031  Tortious Interference | 1., 2., 3., 5. |
| | | A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent<br>Domain/Inverse<br>Condemnation (14) | A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction<br>(33) | A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | A6018  Mortgage Foreclosure | 2., 6. |
| | | A6032  Quiet Title | 2., 6. |
| | | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer -<br>Commercial (31) | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Residential (32) | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Drugs (38) | A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (25) | A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

SHORT TITLE: RUTHIE ZAHAVI, et al vs. BANK OF CHINA, et al | CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | A6151   Writ - Administrative Mandamus | 2., 8. |
| | | A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | A6150   Other Writ - Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust Trade<br>Regulation (03) | A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | A6141   Sister State Judgment | 2., 9. |
| | | A6160   Abstract of Judgment | 2., 6. |
| | | A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | A6030   Declaratory Relief Only | 1., 2., 8. |
| | | A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | A6121   Civil Harassment | 2., 3., 9. |
| | | A6123   Workplace Harassment | 2., 3., 9. |
| | | A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | A6190   Election Contest | 2. |
| | | A6110   Petition for Change of Name | 2., 7. |
| | | A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01.07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

46

SHORT TITLE  RUTHIE CAHAVI, et al vs. BANK OF CHINA, et al      CASE NUMBER

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS |
|---|---|
| 1.  X 2.  3.  4.  5.  6.  7.  8.  9.  10. | 444 South Flower Street, 39th Floor |

| CITY | STATE | ZIP CODE | |
|---|---|---|---|
| Los Angeles | CA | 90071 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES SUPERIOR COURT     courthouse in the CENTRAL _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: August 21, 2008 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

FEDERICO C. SAYRE, ESQ.

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

47

1

## PROOF OF SERVICE

2

3       I am employed in the county of Los Angeles, State of California.  I am over the
age of 18 and not a party to the within action; my business address is **K&L GATES**
4  **LLP**, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

5       On **September 22, 2008**, I served the foregoing document(s):

6       **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a) –**
**ORIGINAL JURISDICTION**

7

8  on the interested parties in this action by placing a true copy thereof enclosed in sealed
envelope(s) addressed and sent as follows:

9       Federico Castelan Sayre                **Attorneys for PLAINTIFFS**
Law Offices of Federico Castelan
10      Sayre
900 North Broadway, 7th Floor
11      Santa Ana, California  92701
Tel:  714-550-9117
12      Fax:  714-550-9125

13

14  ☒   **FEDERAL**:  I declare that I am employed in the office of a member of the bar
of this court at whose direction service was made.

15

16  Executed on **September 22, 2008**, at Los Angeles, California.

17

18                                          _Cynthia Bishara_
Cynthia Bishara

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV08- 6236 R (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[ ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Ruthie Zahavi, et al. (see attachment)

**DEFENDANTS**
Bank of China Limited

COPY

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Federico Castelan Sayre
Law Offices of Federico Castelan Sayre
900 North Broadway, 7th Floor
Santa Ana, CA 92701
(714) 550-9117

Attorneys (If Known)
Dennis M.P. Ehling
Hector H. Espinosa
K&L Gates LLP
10100 Santa Monica Boulevard, 7th Floor
Los Angeles, CA 90067
(310) 552-5000

**I. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** Unspecified

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs seek damages for breach of U.S. statutes, including 18 U.S.C. §§ 2331-2339, 31 U.S.C. § 5311 et seq. and 31 C.F.R. Part 103, and for negligence and vicarious liability.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV08-06236**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Israel |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | China |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | China |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Hector H. Espinosa_ **Date** September 22, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

### List of Plaintiffs

RUTHIE ZAHAVI as an individual and as statutory representative of the Estate of AFIK ZAHAVI

EDWARD YOSEFOV as an Individual and as statutory representative of the Estate of MORDECHAI YOSEFOV

ALBINA IVRAGIMOV as an Individual and as statutory representative of the Estate of MORDECHAI YOSEFOV

RAYA TAMAROV

KEREN ELMALIACH as an Individual, as statutory representative of the Estate of EMI ELMALIACH and as natural guardian of plaintiff

J. E., a minor

JACOB ELMALIACH

ARLETTE ELMALIACH

SHANI BEN SAADON as an Individual, as statutory representative of the Estate of MICHAEL BEN SAADON and as natural guardian of plaintiff

N. B. S., a minor

ARLETTE BEN SAADON

ARIK BEN SAADON

IRIS BEN SAADON

ETTIE BELASON as an Individual, as statutory representative of the Estate of PHILIP BELASON and as natural guardian of plaintiffs URI BELASON and LINOR BELASON

U. B., a minor

L. B., a minor

LIRAN BELASON

LITAL BELASON

MIRI EREZ as an individual and as statutory representative of the Estate of
VICTOR EREZ

AVIV EREZ

TAL EREZ

HADAR EREZ

KEREN HAMILAS

MENACHEM YUNES as an Individual, as statutory representative of the Estate of
LILY YUNES and as natural guardian of plaintiff

T. Y., a minor

ASSAF YUNES

BAT EL YUNES

LIDOR YUNES

MIRAIM AMAR as an Individual and as statutory representative of the Estate of
BENJAMIN HAFUTA

SUSAN REVIVO as an Individual and as statutory representative of the Estate of
BENJAMIN HAFUTA

TITI GOLDBERG as an Individual and as statutory representative of the Estate of
BENJAMIN HAFUTA

RACHEL COHEN as an Individual and as statutory representative of the Estate of
BENJAMIN HAFUTA

JACKIE HAFUTA as an Individual and as statutory representative of the Estate of
BENJAMIN HAFUTA

PROSPER HAFUTA as an Individual and as statutory representative of the Estate
of BENJAMIN HAFUTA

RADMILLA SHAULOV as an Individual , as statutory representative of the Estate
of DAVID SHAULOV and as natural guardian of plaintiffs

I. S., a minor

K. S., a minor

E. S., a minor

MAYA ANIDZAR as an Individual and as statutory representative of the Estate of
LIOR ELIAHU ANIDZAR

YOSSI ANIDZAR

YVONNE ANIDZAR

DAVID ANIDZAR

DALIA AMAR

PURIM YAAKOBOV as an Individual, as statutory representative of the Estate of
YAAKOV YAAKOBOV and as natural guardian of plaintiffs

S. Y., a minor

C. Y., a minor

AMIR RAGOLSKY as an Individual and as statutory representative of the Estate
of DANA GALKOWICZ

PERLA GALKOWICZ

NATAN GALKOWICZ

SHARON GALKOWICZ

ORIAN GALKOWICZ

MICHAEL SLUTZKER as an Individual and as statutory representative of the
Estate of FATIMA SLUTZKER

NATALIA SLUTZKER

IGOR SLUTZKER

YONATAN ABUKASIS as an Individual, as statutory representative of the Estate
of ELLA ABUKASIS and as natural guardian of plaintiff

SIMA ABUKASIS as an Individual, as statutory representative of the Estate of
ELLA ABUKASIS and as natural guardian of plaintiff

RON ABUKASIS

Y. T. A., a minor

KEREN ABUKASIS

SHLOMIT ABUKASIS

AVRAHAM COHEN as an Individual and as natural guardian of plaintiff

COREEN COHEN, as an individual and as natural guardian of plaintiff

M. C., a minor

HILLEL BASAD as an Individual and as natural guardian of plaintiff

BRURIA BASAD as an individual and as natural guardian of plaintiff

A. B., a minor

and YOCHANAN COHEN

**PROOF OF SERVICE**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **K&L GATES LLP**, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

On **September 22, 2008**, I served the foregoing document(s):

**CIVIL CASE COVER SHEET**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed and sent as follows:

Federico Castelan Sayre                 **Attorneys for PLAINTIFFS**
Law Offices of Federico Castelan Sayre
900 North Broadway, 7th Floor
Santa Ana, California  92701
Tel:  714-550-9117
Fax:  714-550-9125

☒   **BY MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒   **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **September 22, 2008**, at Los Angeles, California.

_Cynthia Bishara_
Cynthia Bishara